## IN THE FRANKLIN COUNTY MUNICIPAL COURT
## FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| Michael Pohorilla, Jr.<br>7329 Snowberry Lane<br>Canal Winchester, OH 43110,<br><br>    Plaintiff,<br><br>v.<br><br>National Enterprise Systems, Inc.<br>C/o Statutory Agent<br>Ernest R. Pollak<br>29491 Cedar Road<br>Mayfield Heights, OH 44124,<br><br>    and,<br><br>John Does 1-2<br>Name Unknown<br>Address Unknown,<br><br>    Defendants. | : : : : : : : : : : : : : : : : : : : | Case No._____<br><br><br><br><br><br>JUDGE_____ |

## **VERIFIED COMPLAINT (Unlawful Debt Collection Practices)**

### I.  INTRODUCTION

1.  This is an action for damages brought by an individual consumer against Defendants for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

When it enacted the FDCPA, Congress found there to be abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal



EXHIBIT
B

bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.*

## II. FACTUAL ALLEGATIONS

2. Plaintiff, Michael Pohorilla, Jr., is a natural person residing at 7329 Snowberry Lane in the Village of Canal Winchester, County of Franklin, and State of Ohio.

3. Upon information and belief, Defendant is National Enterprise Systems, Inc., Inc. an Ohio debt services company operating from an address at 29125 Solon Road, Solon, Ohio 44139-3442 and doing business collecting debts in the State of Ohio.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendants" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named in this caption.

5. All named defendants and John Does 1 through 2 inclusive are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. § 1692a(5).

8. Plaintiff, Michael Pohorilla, Jr., became over extended due to personal medical problems and because of the financial difficulty thus visited upon him, Plaintiff could not make payments on his Shell account with an alleged outstanding balance of

approximately $1,400.00, which Plaintiff used for the personal, family, and household services of the Plaintiff (the alleged Debt).

9.  At some time prior to January 30, 2009, the alleged Debt was consigned, placed, sold, or otherwise transferred to Defendants for collection from Plaintiff Michael Pohorilla, Jr.

10.  On January 30, 2009, Plaintiff's attorney, or his agents, informed Defendants in writing that Plaintiff was in fact represented by counsel, and that all communication must go through the undersigned law firm and Defendants had knowledge of the aforementioned representations.

11.  Defendants contacted Plaintiff multiple times via telephone and writing after January 30, 2009.

12.  In these telephone calls, Defendants indicated a settlement was necessary to prevent further action and referenced legal counsel creating a false sense of urgency.

13.  Defendants communicated with Plaintiff even though Defendants had previously been directed to communicate only with Plaintiff's attorney or his agents on this matter.

14.  Defendants communicated with Plaintiff even though it had previously received a letter from Plaintiff indicating that it should cease and desist all communications with Plaintiff.

15.  Defendant's agents were acting with the knowledge, consent and at the direction of the Defendant, National Enterprise Systems, Inc.

16. Defendant, National Enterprise Systems, Inc. is thereby responsible for the actions of their agents under the doctrine of *respondeat superior*.

### III. FIRST CLAIM FOR RELIEF
### (Violations of the FDCPA)

17. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

18. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

    (a) Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress, and abuse Plaintiff.

    (b) Defendants violated 15 U.S.C. § 1692c(a)(2) by directly contacting Plaintiff after receiving written notification of the law firm's representation with respect to such debt.

    (c) Defendants violated 15 U.S.C. § 1692c by continuing to communicate with the debtor after receipt of notice to cease communications.

    (d) Defendants violated 15 U.S.C. § 1692e by using a false, deceptive, and misleading means in connection with the collection of a debt.

    (e) Defendants violated 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect a debt.

    (f) Defendants violated 15 U.S.C. § 1692e(10) by the various misrepresentations set forth above.

19. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for declaratory judgment that Defendants' conduct violated the FDCPA, as

well as Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k in an amount less than $15,000.00, of which the exact amount will be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

a. Declaratory judgment that Defendants' conduct violated the FDCPA;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

e. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**LUFTMAN, HECK & ASSOCIATES, LLP**

Scott C. Florin (0080255)
580 East Rich Street
Columbus, Ohio 43215
Phone: (614) 224-1500
Fax: (614) 224-2894
sflorin@lawlh.com
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT

State of _OHIO_

County of _FRANKLIN_, to wit:

_MICHAEL POHORILLA JR._, the Complainant named in the foregoing Complaint being duly sworn, says that the facts and allegations contained therein are true, except so far as they are therein stated to be on information, and that, so far as they are therein stated to be on information, she/he believes them to be true.

_____
Complainant (signature)

Taken, sworn to and subscribed before me this _21ST_ day of _OCTOBER_, 2009.

_____
Notary Public

JEANNIE SPINNATI
Notary Public, State of Ohio
My Commission Expires 03-25-2014

*Pohorilla, Jr. v. National Enterprise Systems, et al.*
Complaint

6